## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ORRIN D. EDENFIELD,**

      **Petitioner,**

**v.**                                                    **Case No. 4:20cv231-WS/MAF**

**JEFF LONG, Warden,**
**Sterling Correctional Facility,**

      **and**

**ASHLEY MOODY, Attorney General,**
**State of Florida, et al.,**

      **Respondents.**

_____/

## <u>AMENDED REPORT AND RECOMMENDATION</u>

On or about April 23, 2020, Petitioner Orrin D. Edenfield, an inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On July 17, 2020, Respondent filed a motion to dismiss, with exhibits. ECF No. 8. Petitioner filed a response to the motion to dismiss. ECF No. 9. After direction from this Court, ECF No. 10, Respondent filed a reply, with exhibits, ECF No. 11.

On September 11, 2020, this Court entered a Report and Recommendation in this case, having received all authorized filings. ECF No. 12. On September 12, 2020, Petitioner Edenfield submitted for mailing

a "Reply to Respondents September 1, 2020 Motion to Dismiss Petition as Untimely Filed Due to New Evidence."  ECF No. 13.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show the petition should be dismissed as untimely.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).  This Amended Report and Recommendation replaces the Report and Recommendation entered September 11, 2020.

## **Procedural Background**

Petitioner Orrin D. Edenfield indicates he challenges his conviction dated November 19, 1982, from the Third Judicial Circuit, Madison County, Florida, following his entry of a guilty plea to first degree murder in case number 1982-CF-57, in connection with events that occurred May 7, 1982.

ECF No. 1; *see* Ex. 1 at 3-10.[1]  In exchange for the plea, the State of Florida agreed not to seek the death penalty.  Ex. 2 at 3.  At the plea hearing, the prosecutor also stated that, although not part of the negotiated plea, the State of Georgia agreed that, if Edenfield pled guilty to the Florida charge, it would not to pursue charges against Edenfield for the kidnapping of the victim.  *See id.*  The Madison County Circuit Court, Judge John W. Peach, conducted a plea colloquy, accepted the plea, adjudicated Edenfield guilty, and sentenced him a term of natural life in prison, with a minimum mandatory sentence of twenty-five (25) years.  *Id.* at 3-16; Ex. 1 at 3-7.  Edenfield did not appeal his judgment and sentence.  ECF No. 1 at 3.

On November 20, 2018, Edenfield filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. 3 at 11-29.  In an order dated January 21, 2019, the state post-conviction trial court denied the motion as untimely.  *Id.* at 38-39.  Edenfield appealed the denial of post-conviction relief to the First DCA, assigned case number 1D19-629, and filed an initial brief.  Ex. 3 at 42-80.  On October 7, 2019, the First DCA per curiam affirmed the case without a written opinion.  *Id.* at 83-83; Edenfield v. State, 284 So. 3d 972 (Fla. 1st DCA 2019) (table).  The mandate

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 8.

issued December 27, 2019, following the denial of Edenfield's motions for clarification and rehearing.  Ex. 3 at 82; *see* onlinedocketsdca.flcourts.org. Edenfield sought review in the Florida Supreme Court; however, on February 11, 2020, that court dismissed the case, explaining it "lack[ed] jurisdiction to review an unelaborated decision from a district court of appeal that is issued without opinion or explanation."  Edenfield v. State, No. SC20-197, 2020 WL 635128 (Fla. Feb. 11, 2020).

As indicated above, on April 23, 2020, Edenfield filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.  ECF No. 1. On July 17, 2020, Respondent filed a motion to dismiss the petition, with exhibits.  ECF No. 8.  Petitioner Edenfield filed a response to the motion to dismiss.  ECF No. 9.  After direction from this Court, ECF No. 10, Respondent filed a reply, with exhibits, ECF No. 11.  On September 12, 2020, Edenfield submitted for mailing a "Reply to Respondents September 1, 2020 Motion to Dismiss Petition as Untimely Filed Due to New Evidence." ECF No. 13.

## Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).   The period generally runs from "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates. *Id.* § 2244(d)(1)(A).[2]  The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2).  The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence."  Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, Edenfield evidently did not appeal his judgment and sentence entered November 19, 1982.  Accordingly, it appears his conviction became final on December 19, 1982, when the time for filing a direct appeal expired.  *See* Fla. R. App. P. 9.140(b)(3) (allowing thirty days to appeal from rendition of written order imposing sentence).

Because Edenfield's conviction was final long before AEDPA's effective date, April 24, 1996, the one-year grace period for filing a § 2254 petition began to run on that date.  Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998); *see* Johnson v. United States, 544 U.S. 295, 299 (2005) (acknowledging federal courts of appeal have uniformly given

---

[2]Later dates which may commence the limitations period are the date on which (1) an unconstitutional impediment which prevented the applicant from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence.  28 U.S.C. § 2244(d)(1)(B)-(D).

"prisoners whose convictions became final before AEDPA a 1-year grace period running from the new statute's effective date"). Nothing indicates Petitioner filed anything between April 24, 1996, and April 24, 1997, when the one-year AEDPA limitations period expired. *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis). Accordingly, anything he filed after April 24, 1997, could not toll the AEDPA limitations period as no time remained within that period. *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). As a result, the § 2254 petition Edenfield filed April 23, 2020, is untimely.

In his response to the motion to dismiss, Petitioner Edenfield asserts he filed a "pre-motion pursuant to 3.800, 3.850 of the Florida Criminal Procedure . . . back [o]n December 20, 1[9]82, . . . that was never ruled upon

by no court of law." ECF No. 9 at 3. Edenfield indicates he "has had other inmates help him address letters to the Madison County Circuit Court asking for a ruling and informing the Court throughout the years[] [t]hat he was not abandoning his filing on December 20, 1982, and the court failed to answer." *Id.* He attached a copy of his motion, reflecting a date stamp of December 20, 1982, by the Madison County Circuit Court. *Id.* at 15-20. Edenfield asserts this motion filed in December 1982 remained pending until November 20, 2018, when he filed his second Rule 3.850 motion. *Id.* at 4-5. Accordingly, he maintains the AEDPA limitations period was continuously tolled, making his § 2254 petition timely filed. *Id.* at 5.

Respondent's motion to dismiss does not address, and its exhibits do not include, the December 1982 motion. *See* ECF Nos. 8, 8-1, 8-2, 8-3. Exhibit 8-3 does include a "Case Abstract Offense," evidently from the state trial court; however, that document does not reflect the filing of the December 1982 motion or any order addressing such motion. *See* ECF No. 8-3 at 10. Accordingly, this Court directed Respondent to file a reply addressing Petitioner's assertion that he has had a post-conviction motion pending in the state trial court since December 1982 and to supply any relevant exhibits. ECF No. 10.

On September 1, 2020, Respondent filed the Court-ordered reply, in which counsel states that when she "first examined this case, she reviewed the on-line docket, but only the pleadings from his 2018 3.850 motion and its appeal were indicated and Petitioner did not mention he had filed a prior 3.850 motion." ECF No. 11 at 3.  Counsel further states that, after this Court ordered a reply, she "contacted the Clerk of Court for Madison County, Billy Washington and asked if there were any other documents available for that case" and "Mr. Washington directed that his staff search for Petitioner's original paper file and docket and image any other pleadings in the file, which was done." *Id.*  Counsel has attached to the reply "the updated docket and all the documents in the file, as far as counsel is aware." *Id.*

Respondent's updated exhibits include the December 20, 1982, post-conviction motion Edenfield filed in the state court.  ECF No. 11-1 at 14-22. The updated exhibits also include the state court's order, dated December 30, 1982, denying that motion; the order was filed with the Clerk of the Madison County Circuit Court on January 3, 1983, as reflected by the date stamp.  *Id.* at 23-24.  The order was sent to Edenfield, his counsel, and the State Attorney on December 30, 1982.  *Id.* at 27; *see* ECF No. 11 at 3. Notably, the "Comprehensive Case Information System" print-out included in Respondent's updated exhibits indicates "01/03/82" as the "Action Date" for

the state court's order denying post-conviction relief, a date that preceded the offense (which occurred May 7, 1982, *see* ECF No. 8-1 at 8) and thus appears to constitute a clerical entry error as the date stamp on the order itself is one year later. *Compare* ECF No. 11-1 at 3 *with* ECF No. 11-1 at 23. Regardless, contrary to Edenfield's assertion, he has not had a post-conviction motion pending in state court since December 1982, as the updated exhibits show the state court denied that motion by order rendered January 3, 1983.

In his "Reply to Respondent's September 1, 2020 Motion to Dismiss," Edenfield asserts Respondent has filed "a second motion to dismiss" his § 2254 petition. ECF No. 13 at 2. Respondent's filing of September 1, 2020, is actually, however, a reply to Edenfield's response to the motion to dismiss, as ordered by this Court and as explained above. *See* ECF Nos. 10 (Order) and 11 (Respondent's Court-Ordered Reply).

Edenfield further asserts that he and other inmates repeatedly wrote to the Madison County Circuit Court "asking for a ruling [on the December 1982 motion] and informing the Court throughout the years." ECF No. 13 at 4. He again asserts he had a motion continuously pending from December 1982 until November 20, 2018, when he filed his second Rule 3.850 motion in state court. *Id.* He asserts that "[p]ursuant to the FDC Appendix now before

this court on review is the first time this Petitioner seen an order of the court denying his 3.850 motion back in December, 1982 and this is the first time he has received a notice of service for that ruling." *Id.* at 5; *see id.* at 9.

To the extent Edenfield thus argues he is entitled to equitable tolling, such argument should be rejected. "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of establishing equitable tolling and "the allegations supporting equitable tolling must be specific and not conclusory." Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012).

Petitioner Edenfield has not met his burden of showing either that he diligently pursued his rights under the AEDPA, or that some extraordinary circumstance kept him from timely filing his § 2254 petition. *See* Hutchinson, 677 F.3d at 1099 (noting that petitioner has burden of establishing right to

equitable tolling).  Edenfield alleges that never received the ruling on the December 1982 motion and that he and fellow inmates repeatedly contacted the state court; however, he waited until November 2018, almost 36 years, to file anything else in state court and he does not allege any specific facts showing that he could not actually file a timely § 2254 petition.  *See* Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1061 (11th Cir. 2011) (allegations supporting equitable tolling must be factual and specific, not conclusory); Drew v. Dep't of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002) (explaining "[a] lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition" but affirming finding that petitioner did not meet burden as "[e]ven assuming that he did not receive the district court's order until February 1996, Drew has provided no evidence supporting his claim that he repeatedly attempted to ascertain the status of his case from the Clerk's office, a burden necessary to sustaining his claim of extraordinary circumstances"); *see also, e.g.*, Ilarion v. Crosby, 179 F. App'x 653, 655 (11th Cir. 2006) (affirming finding that petitioner did not show due diligence and explaining "[e]ven assuming Ilarion made these written inquiries [of the court], this Court has

previously required more of incarcerated petitioners in order to demonstrate due diligence"); Logreira v. Sec'y Dep't of Corr., 161 F. App'x 902, 904 (11th Cir. 2006) (affirming finding that petitioner did not meet burden of showing due diligence in inquiring with Florida appellate court regarding disposition of state habeas petition where petitioner "provided evidence of his repeated attempts to contact the Florida appellate court through mail, [but] he did not show that he took any steps, other than mailing letters, to gain information concerning his petition").  *Cf.* Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (holding petitioner, who filed § 2254 petition in August 1998, entitled to equitable tolling where, after he had inquired about when to expect ruling, court clerk sent notice of decision to wrong person, petitioner again contacted court to inquire of status and two months later, court clerk informed petitioner in March 1998 his application had been denied 18 months earlier; however, appellate court noted that "not in every case will a prisoner be entitled to equitable tolling until he receives notice" as "[e]ach case turns on its own facts").  Thus, Petitioner is not entitled to equitable tolling.

## Conclusion

The § 2254 petition is untimely and Petitioner has not demonstrated entitlement to equitable tolling. Therefore, it is respectfully **RECOMMENDED**

that Respondent's motion to dismiss, ECF No. 8, be **GRANTED**, and the § 2254 petition, ECF No. 1, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R.

App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 8) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED as untimely.**  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 28, 2020.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. R. 3-1; 28 U.S.C. § 636.**